ROANE], Judge.
The court is of opinion that there is no objection to the jurisdiction of the court in the case before us. The case made by the bill is as to its allegations, it= objects, and the evidence by which it is supported, a new case, with reference to that formerly acted upon, by the court of Chancery for the Richmond district: and the power of the Judge of the Staunton Chancery court is justified by the intermediate annexation of the county of Albe-marle to that district.
On the merits, the court is clearly of opinion that the purchase by the appellee of the appellant Slaughter, was by the acre, and not by the tract. This appears manifestly from the written agreement of thp parties of August 24th, 1802. The case of Nelson v. Carrington(h) is an authority to shew, that where the original agreement is for a sale by the acre, the contract will retain that ^character, until it clearly appears, that it has been subsequently changed by the parties..
The same case shows us, that where the sale is by the acre, a right of surveying exists, whether such right be expressly reserved or not. I't also proves, that if no time be limited for making the election to survey, it may be done at any time before the whole business is closed, between the parties.
These principles sustain the appellee in npw making his election,' and repel the idea of an abandonment thereof on his part. He may have been induced to give his bonds as by a computed number of acres, on the grounds stated by him; and his acceptance of the deed which was made to him, ought not to bind in this particular; that deed was besides, procured by the appellant Slaughter, and forwarded to him. It was not emphatically and peculiarly his act; and the deed is not shewn to have been accepted by him, prior to his sale to Rivers.
As the Chancellor had power in this case, to direct an issue to try the material fact in controversy between the parties, and there being contrary and conflicting evidence concerning it, the court is of opinion, that it ought to abide by the verdict found' upon that issue. The verdict upon the issue is, therefore, conclusive in this, case, unless that issue were materially variant from, and inapplicable to, the question controverted between the parties. The court cannot see that this was in any degree the case in this instance. It being admitted that by the written agreement the sale was one by the acre, the defence set up by the appellant Slaughter was, that this agreement was afterwards changed into-one of hazard, so far as related to the sum to be paid; or in other words that the ap-pellee subsequently agreed to waive his right of surveying, and take the tract for a specific number of acres. This is all that was pretended on the part of Slaughter. He never for a moment admitted, that the . contract for the sale of the land was-totally rescinded and *done away; and this was also precisely the meaning of the Chancellor, and is the true construction of the order directing the issue. Although that order in its first member, speaks of a rescission of the contract, and also speaks of a new contract, both the one and the other are narrowed down by the subsequent terms thereof, ’ to an enquiry, whether the sale by the acre was converted into a contract of risk, as to the number of acres purchased. We cannot give into the idea of the appellant’s counsel, in this respect, without expunging from this order a material member of it, which was intended to limit and explain the preceding terms, thereof.
As to the deficiency of the land in question we are of opinion, that the extent thereof would regularly be estimated by Norvell’s survey, made under an order of the court in this cause, and to which no objection had been taken. The appellee ought not to be bound by the survey made between him and Rivers. His prayer of general relief protects him therefrom; and Slaughter cannot contend, that the appellee is bound by a survey, the binding force of which to himself he has rejected.
If this case stood therefore, merely upon the written contract between the parties, we should be of opinion, that Norvell’s survey is conclusive, and that the decree, in toto should be affirmed. But it- does not stand merely on that contract. We must bring into the case on this question of deficiency, the admissions of the appellee in his bill. In the bill preferred to the Judge of the Richmond Chancery court, and which is also made a part of the bill before us, we are of opinion, that the appellee has brought Higgenbotham’s survey, with Franklin’s subdivision thereof, into this cause. We have no doubt, that he had that survey before him at the time of the contract, from his own shewing. That survey is in this record, and exhibits one part of the land in controversy by metes and bounds, as containing S98 acres, and ^another, as containing 351 acres; whereof the former was sold at 9, and the latter at Sll per acre. If this be the fact, exact justice between the parties seems to require, that the deficiency in each part should be ascertained by a jury, and that compensation be *881 made therefor, according to the prices respectively agreed to be given for them. The decree has made compensation for all the deficient land at the rate of $11 per acre; whereas it may turn out that the deficiency exists in the other part: a tract bought by the appellant at 89 per acre.
With this variation the decree is approved : but it must be reversed with costs and the cause remanded, in order to be finally proceeded in as to the measure of relief, pursuant to the principles of this decree.

(Ü) 4 Munf. 332.